UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY T. MARTIN,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-458

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

    Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, initiated the instant habeas corpus action in June 2012. (*See* Doc. 1). In the *pro se* petition filed pursuant to 28 U.S.C. § 2254, petitioner challenges his conviction and sentence in December 2009 for abduction, aggravated robbery and felonious assault following a jury trial before the Hamilton County Court of Common Pleas. (Doc. 3). Respondent filed a return of writ responding to the petition on November 5, 2012, and petitioner filed a "traverse" brief in reply to the return of writ on March 27, 2013. (*See* Docs. 8, 15). This matter is now before the Court on petitioner's motion filed June 12, 2013 to dismiss the petition without prejudice or to stay and hold the petition in abeyance.[1] (Doc. 18). Respondent opposes petitioner's motion. (Doc. 19). Petitioner has filed a brief in reply to respondent's opposition memorandum. (Doc. 20).

    In his petition, petitioner alleges two grounds for relief. He claims that the evidence was insufficient to support his convictions and that he was multiply punished for "allied offenses" stemming from a "single alleged act/incident" in violation of the Fifth Amendment's Double Jeopardy Clause. (*See* Doc. 3, pp. 6, 8). Both grounds for relief were raised by petitioner as

---

[1] Also pending before the Court is petitioner's motion for leave to supplement the record, which is opposed by respondent. (Docs. 16, 17). The undersigned has granted petitioner's motion (Doc. 16) in a separate Order issued this date.

assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 8, Ex. 6). The state appeal proceedings concluded when the Ohio Supreme Court issued the final ruling in that matter on May 25, 2011, denying petitioner leave to appeal and dismissing the appeal "as not involving any substantial constitutional question." (*See id.*, Ex. 12). Petitioner initiated this action in June 2012, within a year after his conviction and sentence became "final" for statute of limitations purposes. *See, e.g., Lawrence v. Florida,* 549 U.S. 327, 333 (2007) (recognizing that a conviction becomes "final" for purposes of triggering the running of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) when the 90-day period expires for filing a petition for writ of certiorari from the state supreme court's final ruling to the United States Supreme Court).

In the pending motion filed on June 12, 2013, nearly a year after the instant action commenced, petitioner requests that the petition be dismissed without prejudice or stayed and held in abeyance so that he can exhaust a new claim in the state courts. (Doc. 18). Specifically, petitioner asserts that "he has come across information that can only be verified by going back through the lower Court (Trial Court)." (*Id.*). Without providing any details regarding the substance of such "information," petitioner contends that the State knowingly allowed the victim's "false testimony" at trial to go "uncorrected." (*See id.*). Petitioner states that he would like to pursue the matter further in the state courts in order to establish that he is "actually innocent" of the crimes he was found guilty of committing. (*Id.*).

It is well-settled that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal

constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to

federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or

the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, the claim petitioner seeks to exhaust in the state courts has not been asserted as a ground for relief in the petition. Moreover, it appears that petitioner has exhausted all available state court remedies with respect to the two claims that have been alleged as grounds for relief. The Court is not required to dismiss or stay a "petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke,* 734 F.2d 1142, 1145 (6th Cir. 1984); *see also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007); *Lee v. Wilson,* No. 1:04cv2169, 2008 WL 1775523, at *4 & n. 42 (N.D. Ohio Apr. 16, 2008). Because the present case does not involve a "mixed" petition containing both exhausted and unexhausted claims, the stay-and-abeyance procedure is inapplicable and would only apply if petitioner were allowed to amend the petition to include an unexhausted claim as an additional ground for federal habeas relief. *Accord Dailey v. Warden, Madison Corr. Inst.,* No. 1:07cv643, 2008 WL 1844060, at *1, *6 (S.D. Ohio Apr. 22, 2008) (Barrett, J.; Black, M.J.); *Allen v. Curtin,* No. 1:06cv241, 2009 WL 1606976, at *4 & n.2 (W.D. Mich. June 9, 2009) (and cases cited therein).

Even assuming that petitioner is seeking to exhaust a claim that he may ultimately like to add as a ground for relief in an amended petition allowed by the Court, he has not satisfied the criteria for granting a stay under *Rhines*. Petitioner has not offered, nor can the Court discern from the record, any justification that could arguably constitute "good cause" for his belated request, filed over two years after the direct appeal proceedings concluded and a year after the instant action commenced. Petitioner has not specified when he discovered the "information"

that he would like to develop in the state courts, nor has he specified how such information would support a claim that the State knowingly failed to correct "false testimony" presented by the victim at trial. Petitioner did not file his motion until after the respondent filed the return of writ in this case and he had filed a "traverse" brief in reply to the return of writ. Given the timing of petitioner's request at this late juncture in the proceedings, a strong argument can be made that to the extent petitioner requests that the instant matter be stayed while he pursues a new possible claim in the state courts, such a request amounts to "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277. Finally, petitioner has not shown that the claim he may attempt to add as a third ground for relief is "potentially meritorious." *See id.* at 278. Petitioner has neither cited nor presented evidence even remotely suggesting that the victim testified falsely at trial, that the State knowingly allowed any false testimony to go uncorrected, or that the allegedly new "information" obtained by petitioner is reliable or reasonably likely to have changed the outcome of the jury trial in petitioner's favor.

It is, therefore, **RECOMMENDED** that petitioner's motion (Doc. 18) be **DENIED** to the extent that petitioner requests that the instant action be stayed and held in abeyance while he exhausts a state court remedy.

To the extent that petitioner has also requested that the petition be dismissed without prejudice (*see* Doc. 18), his request is construed as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2) to withdraw his petition for federal habeas relief.[2] The undersigned is concerned that although the instant petition is not time-barred, any subsequent habeas petition petitioner may file raising the same claims for relief will face a statute-of-limitations bar to review. The one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which governs petitioner's claims, has not been tolled by the pendency of petitioner's federal habeas petition. *See Duncan*

---

[2] Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the Federal Rule of Civil Procedure may be applied in this federal habeas case to the extent it is "not inconsistent" with the rules governing § 2254 petitions.

*v. Walker,* 533 U.S. 167, 181-82 (2001). Therefore, petitioner should be permitted the opportunity to withdraw his request to dismiss the petition without prejudice. However, petitioner must inform the Court within **thirty (30) days** of the date of filing of this Report and Recommendation if he intends to withdraw his request. If petitioner does not withdraw his request for dismissal of the petition without prejudice within the requisite 30-day period, it is hereby **RECOMMENDED** that petitioner's motion to withdraw his petition (Doc. 18) be **GRANTED** and that the petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** without prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion (Doc. 18) be **DENIED** to the extent that petitioner requests that his petition for a writ of habeas corpus be stayed and held in abeyance while he exhausts a new claim in the state courts.

2. Petitioner's motion (Doc. 18) requesting that the petition be dismissed without prejudice, which is construed as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2) to withdraw the petition, be **GRANTED** and petitioner's petition for a writ of habeas corpus (Doc. 3) be **DISMISSED** without prejudice unless petitioner withdraws his request for dismissal of the petition without prejudice **within thirty (30) days** of the date of filing of this Report and Recommendation.

Date: 11/19/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY T. MARTIN,
   Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
   Respondent.

Case No. 1:12-cv-458

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gary T. Martin # 618-464
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 9664

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540