UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY T. MARTIN,

    Petitioner,

v.

WARDEN. LEBANON
CORRECTIONAL INSTITUTION

    Respondent.

Case No.: 1:12cv458

Barrett, J.
Litkovitz, M.J

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's November 19, 2013 Report and Recommendation. (Doc. 22). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner timely filed his Objections to the Report on December 4, 2013. (Doc. 24). The Respondent has filed a response to those objections (Doc. 25) that was untimely under Fed. R. Civ. 72(b)(2) and Fed. R. Civ. P. 6(d).[1]

## I. PROCEDURAL BACKGROUND

Petitioner filed the instant habeas corpus action on June 12, 2012. (Doc. 1). In the *pro se* petition filed pursuant to 28 U.S.C. § 2254, he challenges his conviction and sentence in December 2009 for abduction, aggravated robbery and felonious assault following a jury trial before the Hamilton County Court of Common Pleas. (Doc. 3). After the return of writ and

---

[1] Respondent had fourteen days and three mailing days to respond to the objections, making its response due on December 23, 2013. No response was filed by Respondent by that deadline nor was an extension of time requested. Instead, Respondent untimely filed its response on January 2, 2014 without leave to do so and without any explanation for the delay. (Doc. 25).

1

traverse brief had been filed, Petitioner filed a motion to dismiss the petition without prejudice, or in alternative, to place the case in abeyance without prejudice to Petitioner. (Doc. 8). Respondent opposed the motion (Doc. 19), and Petitioner filed a reply (Doc. 20).

On November 19, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended 1) denying Petitioner's request that the petition for a writ of habeas corpus be stayed and held in abeyance while he exhausted a new claim in the state courts, and 2) granting Petitioner's request to withdraw the petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) unless petitioner withdrew his request within thirty days. (Doc. 22, p. 7). Although Petitioner objected to the Report (Doc. 24), he has not moved within thirty days or otherwise to withdraw his request for dismissal without prejudice.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1976)).

## III.    ANALYSIS

Petitioner's objections appear to be directed towards the Magistrate Judge's recommendation that the request for application of the stay-and-abeyance procedure be denied. Specifically, Petitioner attempts to further explain the basis of the claim of "actual innocence" that he has now presented to the state trial court in a motion for a new trial. In an abundance of caution, however, the Court will construe the objections liberally and consider them in light of both of the recommendations of the Magistrate Judge.

A. <u>Stay and Hold in Abeyance</u>

In habeas corpus proceedings, a stay-and-abeyance procedure "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and "even if a petitioner has good cause for the failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Applying those standards, the Magistrate Judge recommended denying the application of a stay-and-abeyance procedure for two reasons. (Doc. 22, pp. 4-6). The first reason set forth by the Magistrate Judge is that the petition contains only exhausted claims such that the stay-and-abeyance procedure is inapplicable unless Petitioner was allowed to amend the petition to include an unexhausted claim as an additional ground for federal habeas relief. (Doc. 22, p. 5). Petitioner has not challenged that conclusion nor has he sought leave to amend. Thus, the Court

3

agrees with the Magistrate Judge's correct conclusion that the stay-and-abeyance procedure is inapplicable.

However, even if Petitioner intended to add the unexhausted claim, the Court still would find the stay-and-abeyance procedure inappropriate for the second reason set forth by the Magistrate Judge, which is that Petitioner has not satisfied the criteria for granting a stay under *Rhines*. (Doc. 22, pp. 5-6). Petitioner still has not offered any justification that arguably could constitute "good cause" for his belated request. As the Magistrate Judge recognized, Petitioner's request was filed over two years after the direct proceedings concluded, a year after the instant action commenced, and only after the respondent filed the return of writ and Petitioner filed the traverse brief in reply to the return of writ. Although Petitioner offers in his objections additional details about the "information" at issue, explaining he has two affidavits to present and that the victim knew she had given her boyfriend her cell phone and apartment keys (Doc. 24, pp. 2-3), he still does not specify when he received the affidavits or from whom he received the affidavits. The information thus is insufficient for the Court to conclude that Petitioner had good cause for the significant delay in presenting the matter to the courts. Indeed, the timing of his motion in the instant proceeding arguably shows that the request amounts to "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278. Finally, Petitioner still has not shown the claim he may attempt to add is "potentially meritorious." The lack of details about the timing of the information or the identity of those providing the information precludes the Court from finding the information to be reliable. Further, his explanation of the evidence to be presented does not provide any factual basis that suggests the State knowingly allowed the alleged false testimony to go uncorrected. Further, although alone not determinative, Petitioner's motion for a new trial filed in the underlying case referenced in his petition was denied by the state court on

November 26, 2013, which Petitioner appealed on January 17, 2014. *State of Ohio v. Martin*, No. B 0904062 (Hamilton Cnty. Ct. Common Pleas).

Accordingly, Petitioner's objection on this ground is overruled, and Petitioner's motion shall be denied to the extent he requests that the instant action be stayed and held in abeyance while he exhausts a state court remedy.

B. <u>Rule 41(a)(2) Dismissal</u>

The Magistrate Judge recommended granting Petitioner's request to dismiss his petition without prejudice under Fed. R. Civ. P. 41(a)(2), provided that Petitioner did not seek to withdraw that request within thirty days. Petitioner did not file such a request within that timeframe or at any other time.

"'[I]n determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must 'ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law.'" *Ortega v. Trombley*, No. 2:07-CV-10456, 2007 U.S. Dist. LEXIS 17343, at *3 (E.D. Mich. Mar. 13, 2007) (quoting *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993)). This, however, is not a case where Petitioner is completely unaware of the procedural trap, as he was notified plainly by the Magistrate Judge in the Report of the potential statute-of-limitations bar to review he may face in filing a subsequent habeas petition after dismissal without prejudice.[2] Petitioner thus had

---

[2] The Magistrate Judge stated:

> To the extent that petitioner has also requested that the petition be dismissed without prejudice (*see* Doc. 18), his request is construed as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2) to withdraw his petition for federal habeas relief. The undersigned is concerned that although the instant petition is not time-barred, any subsequent habeas petition petitioner may file raising the same claims for relief will face a statute-of-limitations bar to review. The one-year statute of limitations set forth in 28 U.S.C. §2254(d)(1)(A), which governs petitioner's claims, has not been tolled by the pendency of petitioner's federal habeas petition. . . . Therefore, petitioner should be permitted the

5

the opportunity to withdraw his request for dismissal without prejudice, and he did not do so. Nor has he otherwise attempted to do so. Thus, the Court may properly dismiss his claim without prejudice under Rule 41(a)(2).

However, whether such a dismissal should be granted is within the sound discretion of the Court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Given that the primary purpose of the rule is to protect the non-movant from unfair treatment, the Court should also consider the prejudice to the non-moving party before determining whether dismissal is appropriate. *See id.* An abuse of discretion is found "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* In making that determination, the Court considers "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* However, there is "no requirement that each of [those] factors be resolved in favor of the moving party before dismissal is appropriate," as the "factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007).

As the Magistrate Judge did not expressly consider that prejudice to the Respondent, the Court will do so here. The fact that Respondent will be subject to a second lawsuit alone is

---

opportunity to withdraw his request to dismiss the petition without prejudice. However, petitioner must inform the Court within **thirty (30) days** of the date of filing of this Report and Recommendation if he intends to withdraw his request. If petitioner does not withdraw his request for dismissal of the petition without prejudice within the requisite 30-day period, it is hereby **RECOMMENDED** that petitioner's motion to withdraw his petition (Doc. 18) be **GRANTED** and that the petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** without prejudice.

(Doc. 22, p. 7). The same is repeated in the recommendation at the end of the Report. (Doc. 22, p. 7).

6

insufficient. Although the Court recognizes that Respondent has filed its answer/return of writ on the grounds presently presented in the petition, there is no indication that the dismissal of the case would preclude Respondent from asserting the same defenses in a second action. Further, much of Respondent's effort and expense will be transferrable to a second action.

Even though Petitioner waited approximately one-year after this habeas corpus lawsuit was initiated to file the instant motion, the Court cannot say that he was not reasonably diligent in pursuing the action while it was pending. After being granted reasonable extensions of time, he filed the requisite response to Respondent's Return of Writ and then sought to supplement the record with additional information. Petitioner also has offered an explanation of the need to take a dismissal, which is to exhaust his remedies on a motion for a new trial in the state courts. Regardless of whether Petitioner is successful in pursuing that avenue of relief, Respondent will not suffer the type of legal prejudice by dismissal without prejudice that generally is recognized by courts in this circuit. *Rosenthal*, 217 F. App'x at 500 (noting that plain legal prejudice may result when dismissal strips a defendant of an absolute defense, when defendant already has secured a dispositive ruling in his favor, or the law clearly dictates a result in his favor). Nor has Respondent argued that this type of plain legal prejudice will result.

Accordingly, the Court will grant Petitioner's motion requesting that the petition be dismissed without prejudice, which is construed as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2) to withdraw the petition.

**IV.** **CONCLUSION**

Consistent with the foregoing, Petitioner's Objections are **OVERRULED** (Doc. 24) and the Magistrate Judge's November 19, 2013 Report and Recommendation (Doc. 22) is hereby **ADOPTED**. Accordingly, Petitioner's motion (Doc. 18) is **DENIED** to the extent that Petitioner

7

requests his petition for a writ of habeas corpus be stayed and held in abeyance while he exhausts a new claim in the state courts, but the motion (Doc. 18) is **GRANTED** to the extent he requests that the petition be dismissed without prejudice, which is construed as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2) to withdraw the petition. This matter is **CLOSED**.

    **IT IS SO ORDERED**.

s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court
